## HARRIS vs. WICKS.

PLEADING.  (1) *Consolidation of actions — New answer not required.*  (3) *Allegation of payment of money — Variance.*

USURY.  (2) *Usurious contract — Guaranty.*  (4) *Payment to guarantor; his liability to payee of note.*

Harris vs. Wicks.

1. Where separate actions were brought on two promissory notes, and a sufficient answer filed in each, the mere consolidation of the two actions into one, without change in the plaintiff's allegations, does not render necessary a new or amended answer.

2. H. agreed with W. to advance the price of property sold by W. to C. and take C.'s notes therefor with W.'s guaranty, provided he should receive interest at twelve per cent., the highest legal rate being ten per cent. The notes made and delivered called for only ten per cent., but the additional two per cent. was deducted from the amount advanced by H. to W. *Held*, in an action on the guaranty, that the notes were plainly usurious.

3. The complaint alleges payment and receipt of a certain amount of money on the note; and the proof was that a United States bond was delivered and received at the current rate of premium, in lieu of money. *Held*, not a material variance.

4. The guarantor, having received back the property sold to the maker of the note, as payment thereof in whole or in part, would be bound to account to the payee for the amount so paid, in an action for money had and received ; and an amendment of the complaint in this action might be allowed, so as to enable plaintiff to obtain herein the benefit of such payment.

APPEAL from the Circuit Court for *Green Lake* County.

Action on two promissory notes. Defense, usury. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*J. M. Fish* (with *Geo. D. Waring*, of counsel), for appellant :

1. The two original actions having been consolidated by an order of court, the established practice required the amendment of the pleadings, or else a trial of one of the actions, the other to abide the decision in the one tried. 4 Cow., 78 ; 5 Sandf., 665 ; 17 How. Pr. R., 228; 2 Paine & Duer's Pr., sec. 4. 2. If the facts were as alleged in the answer, the notes were void. Laws of 1859, ch. 160, sec. 4; Laws of 1866, ch. 120; *Otto v. Durege*, 14 Wis., 571 ; *Towslee v. Durkee*, 12 id., 480 ; *Rock Co. Bank v. Wooliscroft*, 16 id., 26 ; *Lee v. Peckham*, 17 id., 386 ; *Gillmore v. Woolcock*, 13 id., 589. 3. There was testimony, upon which the jury should have been permitted to pass, that the answer was literally true, and that there was usury in the

notes themselves, they being *made* in pursuance of a usurious agreement between the plaintiff and defendant. 4. If there had been no usury in the notes, and we adopt the theory that the notes were made for the benefit of the defendant, they having been transferred for a sum less than their face and legal interest, as between the guarantor and the purchaser, the contract of guaranty was usurious and void. 3 Wis., 725; 7 Wend., 569; 16 Wis., 26. And the variance between the answer and proofs, if any, should have been disregarded, as it could not have misled the plaintiff to his prejudice. R. S., ch. 125, §§ 33–35; 1 Abb. Pr. R. 237; 5 Abb. Dig., 323, 90; 1 Kern., 368. 5. Counsel argued that the court erred in refusing to allow an amendment to the answer, setting up the usury, except upon defendant paying to the plaintiff the amount of money actually received upon the notes, or any part thereof; and that the imposition of such terms is inconsistent with the policy and language of the statute relating to usury. Laws of 1859, ch. 160, secs. 4, 6; *Cooper v. Tappan*, 4 Wis., 362–69.

*Chas. Aiken* (with *A. B. Hamilton*, of counsel), for respondent, argued that it is well settled in this state that a party will not be allowed to amend his answer in order to set up usury, and it would seem to follow that where it is imperfectly set up in the original answer, an amendment will not be allowed in order to perfect that defense. *Jones. v. Walker*, 22 Wis., 220: *Dole v. Northrop*, 19 id., 249. There was no error in requiring payment of the amount justly due as a condition of the amendment. *Newman v. Kershaw*, 10 Wis., 333; *Fulton Bank v. Beach*, 1 Paige, 429. 3. The evidence does not support the answers filed, because it shows *but one transaction*; nor does it support the amended answer proposed, because it shows that it was not wholly a money loan, but a part of the payment was in government bonds. In pleading usury, defects in regard to certainty are to be held matters of substance. *Newman v. Kershaw*, 10 Wis., 333; *Beach v. Fulton Bank*, 3 Wend., 585. 4. An order granting or denying an amendment will not be reversed

unless there has been an abuse of discretion. *Jones v. Walker*, 22 Wis., 220.

LYON, J. One Seymour Countryman made two promissory notes payable to the plaintiff, one for $150 and ten per cent. interest, payable sixty days after date, and the other for $200 and ten per cent. interest, payable in one year after date. These notes are dated October 3, 1866. Before they were delivered to the plaintiff, the defendant, by endorsement on the notes of the same date, duly guarantied the payment thereof; and the notes and guaranties thereon were then delivered to the plaintiff. The notes were not paid at maturity, and the plaintiff brought two actions against the defendant, one on each guaranty. These facts appear from the complaints in such actions, which are in the usual form of complaints in like actions.

The defendant interposed answers setting up the defense of usury to both actions, and alleging that each of said notes was made and delivered to the plaintiff upon the corrupt and usurious agreement between the plaintiff and defendant that the latter should pay and the former receive interest at the rate of twelve per cent. per annum for the loan of the money expressed in the said note; and that, pursuant to such agreement, *two* per cent. in addition to the interest reserved in the note was deducted and reserved out of the principal sum of money loaned by the plaintiff to the defendant, and the balance only paid by him to the defendant. Such balance is stated in one case to have been $149.50, and in the other $196.

These answers seem to be drawn with all of the particularity which the rules of law require in pleading the defense of usury.

After the issues were joined therein, the two actions were consolidated by order of court, on the motion of the defendant, and were tried as one action.

After such consolidation, the defendant applied to the court for leave to file an amended answer to the two complaints, evi-

dently thinking that it was necessary to do so in order to get the benefit of his defense, previously interposed. The answer which he proposed to file is contained in the bill of exceptions, and seems to be little more than a consolidation of his separate answers in the original actions. The evidence given on the trial tended to show, and, I think we may safely say, did show, that before the notes were made the defendant was negotiating to sell Countryman a span of horses and a harness, and the plaintiff agreed with the defendant that if he made such sale, the plaintiff would discount the notes of Countryman to be given by him for the property, provided the defendant would guaranty the payment of them, and make the interest up to twelve per cent. for the time they had to run; that it was agreed between the parties and Countryman, that the latter should make the interest up to twelve per cent. to the defendant; that Countryman purchased the property and gave his notes therefor, which included the extra two per cent. interest; and that the agreements aforesaid were fully carried out and consummated.

I. It requires neither argument nor citation of authorities to demonstrate that these notes are usurious and void, and cannot be enforced against any party to them. The parties to the transaction seem to have left nothing undone to fix beyond question their usurious character. A usurious contract was made before the notes were executed, and the notes were given in pursuance of such contract; and, as if to save all question, they were made payable directly to the plaintiff, who, so far as it appears, was the first holder of them. And not only that, but the plaintiff knew that they were usurious, and in fact he contracted before they were given, that they should be usurious.

II. We are unable to discover the necessity or utility of the proposed amended answer. The authorities cited by counsel for the defendant to show that it became necessary to put in new pleadings after the original actions were consolidated, do not sustain his position; and we know of no rule of practice

which requires it to be done. By the consolidation, the two complaints in the original actions became one complaint, with two counts or causes of action separately stated therein; and in like manner the two answers became one answer, wherein the defense to each count of the complaint is separately stated.

The court permitted the defendant to amend his answer on terms. The defendant refused to comply with the terms, and the action was tried on the original pleadings. We deem it unnecessary to decide whether such terms were lawfully imposed, or the reverse.

III. We do not think that there was any material variance between the allegations of the answer and the proofs on the trial, but that the usurious contract was proved substantially as it was alleged. The fact that the defendant took a government bond from the plaintiff at the current premium, as so much money on account of the notes, is not, we apprehend, a variance from the averment that he received money therefor.

IV. It appears by the evidence that the defendant subsequently received back the horses which he sold to Countryman, and for which, in part, the notes in suit were given, but under what agreement or understanding does not appear. If he received them back in payment or part payment of such notes, I think to that extent he is liable to account to the plaintiff. I suppose the law to be that if Countryman has paid the notes or any part of them to the defendant, the plaintiff may recover of the defendant the sum so paid, not in an action on the notes, for they are void, but in an action for money had and received. If such is the fact here, should the circuit court allow an amendment to the complaint to enable the plaintiff to obtain in this action the benefit of any payments on the notes made by Countryman to the defendant, and should the court allow such amendment without imposing very severe terms as a condition thereof, I think no valid exception could be taken thereto.

The circuit judge directed a verdict for the plaintiff for the amount due upon the notes by their terms, and this appeal is

from the judgment rendered upon such verdict. For the reasons above stated we are of the opinion that the judgment must be reversed, and a new trial awarded.

*By the Court.*— So ordered.