### GRANT vs. MERRILL and another.

USURY. (1) *Lender's intent essential to constitute usury.* (2, 3) *Proof of such intent.* (4) *Indemnity paid accommodation maker not recoverable in action on usurious note.*

PROMISSORY NOTE. (5) *Accommodation maker: his promise to third party to pay, does not enure to benefit of payee.*

1. An *intent on the part of the lender* to stipulate for an unlawful rate or interest is essential, to render usurious a contract to pay more than a legal rate.

Grant vs. Merrill and another.

2. But where it is shown that the lender *knowingly accepted and retains such a contract*, the intent is conclusively established.

3. For a loan of $900 the lender's agent took defendant's note for $1,000 with interest at ten per cent. (the highest legal rate), and gave such note to his principal, who then knew the amount thereof and of the loan, and the lender transferred such note to a third person, taking therefor his note for the same amount. *Held*, in an action on the first mentioned note, that it was error to submit to the jury the question of the lender's intent.

4. If one of the defendants, who was an accommodation maker, received from the other defendant a portion of the loan to indemnify him for signing the note, the amount so paid cannot be recovered from him in an action *directly on the note*, by the owner thereof. Whether such plaintiff can recover the amount from said defendant in another action, is not here determined.

5. There was some evidence that one of the defendants, for a valuable consideration, promised one D. to pay said note; but it does not appear that D. had any interest in its payment. *Held*, that such promise would not enure to plaintiff's benefit.

APPEAL from the Circuit Court for *Waushara* County.

Action upon a promissory note for $1,000 and ten per cent. interest, given by the defendants to one Jane Eliza Galloway or bearer. The note was given for a loan of $900 made by Mrs. Galloway to the defendant *Merrill*, the defendant *Daniels* being an accommodation maker. The defense is, that the note is usurious.

It appears from the testimony given on the trial, that the business of paying over the money and taking the note was transacted for the payee by one Shumway, her son-in-law. As to whether she knew that the note was to be given for $1,000, the testimony is conflicting. It was proved, however, that Shumway gave her the note after taking it, and she then knew that it was for $1,000. She afterwards transferred it to her brother, taking therefor his note for the face of it; and the brother sold and transferred it to the plaintiff for $950. The court instructed the jury, that, "if it appears that there was no intent on the part of the lender to take unlawful interest, then the contract cannot be held usurious, however the fact may be

that the note was for $100 more than the money actually loaned."

The following instructions, proposed by the defendants' counsel, were refused :

"1. If the jury find from the evidence that Mrs. Galloway instructed Lorin Shumway to deliver to the defendant *Geo. W. Merrill* $900, and accept as security therefor the note described in the complaint, and the said Lorin Shumway, in pursuance of said instructions, delivered the said $900, and received the said note and delivered it to Mrs. Galloway, and the same was retained by her, and negotiated by her at its face, then said note is usurious.

"2. All that is necessary to constitute usury, is an agreement to receive for the use of money a greater rate of interest than is allowed by law.

"3. The intent to take usury may be inferred from the fact of an agreement to receive it."

The plaintiff had a verdict and judgment for the amount of the note; from which judgment the defendants appealed.

*George D. Waring*, for appellants :

The simplest definition of usury is, the taking of more interest than the law allows. 3 Parsons on Con., 107 ; *Lee v. Peckham*, 17 Wis., 383. In this respect the note in suit was unquestionably usurious; and the *intent* to take usurious interest is conclusively established by the fact that the payee knowingly accepted the usurious contract and retained it. *Holmes v. Williams*, 10 Paige, 328; *Bank of Utica v. Wager*, 2 Cow., 769 ; *Bank of Salina v. Alvord*, 31 N. Y., 473 ; *Algur v. Gardner*, 54 id., 360; *Fiedler v. Darrin*, 50 id., 437. As to the liability of the defendant *Daniels*, see *Harris v. Wicks*, 28 Wis., 203 ; and upon the question of his liability to plaintiff upon his contract with Durfey, see *Norton v. Kearney*, 10 Wis., 453 ; *Husbrook v. Strawser*, 14 id., 403 ; *Collins v. Case*, 23 id., 230 ; *Reynolds v. Lounsbury*, 6 Hill, 534; *Dezell v. Odell*, 3 id., 215 ; *Welland Canal Co. v. Hathaway*, 8 Wend., 483.

Grant vs. Merrill and another.

*M. L. Kimball*, for respondent, argued that usury was a question of the intention of the lender, and that there was sufficient evidence upon that point to sustain the verdict. 13 Wis., 96; 14 id., 574; 27 id., 183.

LYON, J. While it is true that an intent on the part of the lender to stipulate for an unlawful rate of interest is essential to render usurious a contract to pay more than legal interest for the loan or forbearance of money, yet, when it is proved that the lender knowingly accepts and retains a contract for the payment of unlawful interest, such intent is conclusively established.

In the present case the testimony tends to prove that the payee of the note agreed with the defendant *Merrill*, before the note was given, that the loan to him should be $900, and that a note should be executed for $1,000 on account of such loan. But, however the facts may be in respect to the preliminary negotiations for the loan, it is undisputed that Mrs. Galloway knew, soon after the note was signed, that it was for $100 more than she had loaned to *Merrill*, and for the highest rate of legal interest on the whole sum; and, instead of repudiating the transaction, or taking any steps to purge it of the usury, she retained the note as it was, without objection, and afterwards negotiated it at its face.

It seems very clear, under these circumstances, that the question of intent should not have been submitted to the jury, and that the instructions asked on behalf of the defendants, and refused, should have been given. And we so hold.

Some testimony was introduced tending to prove that the defendant *Merrill* paid the defendant *Daniels* $200 to indemnify the latter for signing the note. Whether, in case *Daniels* so received the $200, the plaintiff can recover it from him, we do not here determine. Certainly it cannot be recovered in this action, which is brought directly upon the note. See *Harris v. Wicks*, 28 Wis., 203.

Testimony was also received tending to show that *Daniels* promised one Durfey to pay the note in suit; and it was claimed that such promise was made upon a valuable consideration. It does not appear that Durfey had any interest whatever in having the note paid. We are quite unable to perceive how such promise (if made) can enure to the benefit of the plaintiff.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.