Joseph Springer, Defendant in Error, v. Thomas Mack, Impleaded, Plaintiff in Error.

Gen. No. 26,245.

1. USURY—*when transaction usurious.* Where a borrower received $848.15 as the proceeds of his note for $1,000 and paid interest on $1,000 for over one year, the transaction was usurious.

2. USURY—*payment of commission.* The payment of $61.50 as commission for the extension of a note for $615 for one year at 6 per cent interest was usurious.

3. USURY—*capacity of payee as principal or agent as affecting.* The conclusion as to the usurious character of a loan transaction will be the same whether the payee named in the note is regarded as the actual lender of the money or as the agent in making the loan of the one who attempts to enforce payment as a purchaser.

4. USURY—*when gift merely device.* The deduction of $75 from the face of a $1,000 note, which deduction is claimed to be a gift from the seller to the purchaser of the note, is merely a device to enable the lender to obtain a greater return for his money than the law permits.

5. USURY—*ascertainment of intent of parties.* In determining whether the essential elements of usury are present in a particular case, the intention of the parties, as it appears from the facts and circumstances of the case, may be considered in connection with other evidence.

6. BILLS AND NOTES—*when purchaser of note and trust deed takes subject to equities.* The purchaser of notes and a trust deed securing them, *held* to have taken them subject to all the defenses which might be made to their payment in the hands of the original payee.

Error to the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed October 4, 1921.

FOSTER, PAINE, REYNOLDS & BRYANT, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a decree of sale in a proceeding to foreclose a trust deed in the nature of a mortgage dated June 28, 1916, executed by plaintiff in error and his wife. Joseph Springer is the owner and holder of the trust deed and the notes secured thereby and was complainant in the superior court. The bill was filed on September 5, 1918. The case was referred to a master in chancery to take the testimony and report his conclusions as to the law and the facts. The only real defense was that of usury. The master reported that the defendant Mack did not show by "clear and convincing evidence" that the loan was usurious and found defendant indebted upon the trust deed and note in question in the sum of $651.10, together with costs and expenses amounting to $112.25. Objections and exceptions to the master's report were overruled and a decree entered approving the report and directing a sale of the real estate described in the bill and decree to satisfy the debt and costs.

The evidence shows that the defendant Mack applied to one Leon J. Klein, who was also a defendant, for a loan of $2,000, and offered as security a second trust deed or mortgage upon certain real estate in Cook county, the property being already incumbered. The loan was secured by two trust deeds upon separate parcels of real estate. Each trust deed secured eleven notes for $35 each, maturing monthly, and one note for $615, maturing twelve months after date, making a total indebtedness of $1,000 secured by each trust deed. The rate of interest was six per cent per year. One of these loans was paid in September, 1917, and is not involved in this case. Eleven of the notes secured by the other trust deed and interest on the entire indebtedness was paid to September 19, 1917.

On that date the last note, being a note for $615, remained unpaid. By agreement with Klein the time of payment of. this note was extended for one year. The bill was filed to foreclose the trust deed and on account of default in the payment of this note. The amount alleged to have been due at the time of filing the bill was $479.33.

It is not altogether clear from the evidence by what process of computation this amount was reached. Defendant claimed that the actual amount due was $72.69, and tendered that sum at the commencement of the proceedings before the master. This tender was refused. Plaintiff in error claims that the entire transaction was usurious and that his tender of $72.69 was for the correct amount due.

It is provided by the statute of this State, in substance, that no person or corporation shall directly or indirectly accept or receive any money, goods, discounts, or thing in action, or in any other .way, any greater sum or greater value, for the loan, forbearance or discount of any money, goods or thing in action, than 7 per cent per annum. (Chapter 74, secs. 4, 5, Rev. St., Cahill's Ill. St. ch. 74, ¶¶ 4, 5.) The evidence shows that in the present case the borrower received $848.15 as the proceeds of his notes, aggregating $1,000, payable in one year; that he paid interest at 6 per cent per year on the sum of $1,000 for over one year; that he paid $61.50 as commission for the extension of the note 'of $615 for one year at 6 per cent interest. Both of these transactions were clearly usurious within the terms of the statute. The conclusion is the same, whether Klein is regarded as the actual lender of the money or as the agent of Springer in making the loan. *Payne v. Newcomb,* 100 Ill. 611.

It is contended by Springer that Klein was not his agent and that he bought the securities from Klein

or that he made the loan himself, although he never came in contact with the borrower personally.    The evidence is not clear as to which position he takes.    In either event, he paid Klein for the notes the sum of $925, and the remaining $75 is said to have been a gift from Klein.    To characterize this deduction of $75 from the face of the notes as a gift clothes the transaction with a "verbal raiment," which tends to conceal its true character.    It was merely a device to enable the lender to obtain a greater return for the use of his money than the law permits.

The question of usury was discussed exhaustively and the authorities reviewed in the case of *Clemens v. Crane*, 234 Ill. 215, where it was held, in substance, that in determining whether the essential elements of usury are present in a particular case, the intention of the parties, as the same appears from the facts and circumstances of the case, may be considered in connection with other evidence.    The court also said, p. 230:

"The form of the contract is not conclusive of the question.    The desire of lenders to exact more than the law permits and the willingness of borrowers to concede whatever may be demanded to obtain temporary relief from financial embarrassment have resulted in a variety of shifts and cunning devices designed to evade the law.    The character of a transaction is not to be judged by the mere verbal raiment in which the parties have clothed it, but by its true character as disclosed by the whole evidence.    If, when so judged, it appears to be a loan or forbearance of money for a greater rate of interest than that allowed by law, the statute is violated and its penalties incurred, no matter what device the parties may have employed to conceal the real character of their dealings."

If Springer was the purchaser from Klein of the notes and trust deed in question, then he took them subject to all defenses which might be made to their

payment in the hands of the original payee. *Olds v. Cummings,* 31 Ill. 188; *Bartholf v. Bensley,* 234 Ill. 336.

The transaction being clearly usurious under the statute, the lender is entitled to recover only the principal sum loaned. If the tender of $72.69 made by the defendant was for the correct amount, then the complainant cannot recover solicitor's fees for services rendered after that time or for costs subsequently incurred.

The decree of the superior court is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.