[No. 3673. Sept. 4, 1931.]

[Rehearing Denied Dec. 9, 1931.]

ANDERSON v. BEADLE et al.

[5 P. (2d) 528.]

Reese & Reese, of Roswell, for appellants.

J. H. Jackson, of Artesia, and C. W. Croom, of El Paso, Tex., for appellee.

## OPINION OF THE COURT

HUDSPETH, J.

This suit was brought by the appellee to recover personal judgment against the appellants on a promissory note, dated July 30, 1928, for $5,293.34 interest and attorneys' fees, and also for $801.89 taxes, and $574.96 drainage assessments paid by appellee, and for the foreclosure of the liens of real estate and chattel mortgages on property in Chaves county given to secure said note. The defense was usury.

On the request of appellants, the issues of fact were submitted to a jury, which found the issues in favor of appellee. After overruling motion for a new trial, the court rendered judgment for the amount sued for with foreclosure of the mortgage liens. The defendants appeal.

The note sued upon is a renewal of a $5,000 note, dated May 3, 1922, bearing interest at the rate of 10 per cent. per annum. On May 3, 1922, the appellants made and delivered to the appellee another note payable to his order for the sum of $300, which note was later paid. Appellants claim that this $300 note was a bonus exacted by appellee for making the loan of $5,000. Appellee admits receiving the $300 note and its payment, but denies that it was a bonus. He claims that he received the note under the following circumstances:

The First State Bank & Trust Company of Roswell held the note of appellants, secured by mortgage, on which there was due nearly $5,000. The bank was threatening suit on the note. Appellee attempted to buy the note at a discount of $300, but the bank refused to sell it for less than its face value. The appellant Oscar Beadle voluntarily offered to give appellee $300 if he would take up the note held by the bank; that upon appellee's acceptance of the offer and the purchase of the note at its face value from the bank, the $300 note was delivered to him. Appellee testified that the purchase of the Beadle note from the bank and the making of the $5,000 note were entirely separate transactions. He stated that after he bought

the note from the bank the appellant Oscar Beadle requested appellee to loan him a small sum of money, which, added to the principal and interest of the note purchased from the bank, amounted in the aggregate to the sum of $5,000, and agreed to make a new note and mortgages for that sum, which agreement was carried out by the delivery of the $5,000 note, dated May 3, 1922.

The only material fact on which there was conflict in the evidence is whether or not appellee acquired title to the appellants' note held by the First State Bank & Trust Company. Appellants maintain that the fact that a satisfaction of the mortgage executed by the First State Bank & Trust Company, bearing date October 11, 1921, was recorded after the transaction between appellants and appellee of May 3, 1922, and that no assignment of the mortgage to appellee appeared of record, is conclusive proof that the money paid to the First State Bank & Trust Company by appellee was in payment of appellants' note and not the purchase price thereof. The recording of an assignment of the mortgage was not necessary. Hayden et al. v. Speakman, 20 N. M. 513, 150 P. 292. Where no assignment appears of record, it is not unusual for the assignee of the mortgage, upon its renewal, to have recorded a satisfaction of the mortgage executed by the mortgagee.

The evidence is conflicting on the question as to whether or not the appellee became the owner of the First State Bank & Trust Company note, and the jury found the issue in favor of appellee, which settles the question of fact. Priestley v. Law, 33 N. M. 176, 262 P. 931; Douglass v. Blvd. Co. et al., 91 Conn. 601, 100 A. 1067; Klosterman v. Olcott, 25 Neb. 382, 41 N. W. 250; Johnson v. Grayson, 230 Mo. 380, 130 S. W. 673; Miller v. Dunn, 188 N. C. 397, 124 S. E. 746, 747.

A bona fide purchaser could have bought the note from the First State Bank & Trust Company at a discount of $300, if the bank had been willing to sell it on such terms, without violating the usury law, but to charge the maker of the note, as a consideration for its purchase, a sum equal to such a discount, is a transaction of an entire-

ly different character and contravenes the statute, where the ultimate effect was to secure more than the legal rate of interest. Miller v. Dunn, supra; Gerwig v. Sitterly et al., 56 N. Y. 214. The 1929 Comp., § 89-109, prohibits the taking directly or indirectly in any way a greater interest, sum, or value for the loan or forbearance of money than 10 per centum per annum. One cannot charge a commission for the loan of his own money. Scottish M. & L. Inv. Co. v. McBroom, 6 N. M. 573, 30 P. 859. And a bonus or brokerage exacted for the extension of the time of payment, which, with the interest reserved, amounts to more than the lawful rate, falls in the class of usurious transactions. La. Agricultural Corp. v. Interstate Trust & B. Co. (C. C. A.) 17 F. (2d) 751.

If the appellee made the charge of $300, under the belief that the law would not in that shape regard it as usury, his mistake in this respect will not alter the character of the transaction. A profit greater than the lawful rate of interest intentionally charged for the loan or forbearance of money is a violation of the usury law, and it matters not what form or name it may assume. 39 Cyc. pp. 920 and 923; Hagan et al. v. Barnes et al., 92 Minn. 128, 99 N. W. 415; Fiedler v. Darrin et al., 50 N. Y. 437; Grant v. Merrill et al., 36 Wis. 390; Gold-Stabeck Credit Co. v. Kinney, 33 N. D. 495, 157 N. W. 482, 484; Blymyer v. Colvin, 127 Pa. 114, 17 A. 865; Yonack v. Emery (Tex. Com. App.) 13 S. W. (2d) 667, 70 A. L. R. 684; In re Fishel N. & Co. (D. C.) 192 F. 412, affirmed 117 C. C. A. 224, 198 F. 464; O'Toole v. Meysenburg et al. (C. C. A.) 251 F. 191; Springer v. Mack, 222 Ill. App. 72; First Natl. Bank v. Phares, 70 Okl. 255, 174 P. 519, 21 A. L. R. 793, and note; Dunlap v. Chenoweth et al., 88 N. J. Eq. 496, 104 A. 822; Phelps v. Montgomery, 60 Minn. 303, 62 N. W. 260.

To this extent counsel for appellants are correct in their argument, but they overlooked the principle that an obligation originally free from usury does not become usurious by reason of subsequent usurious transactions. Miller v. Dunn, supra; Gerwig v. Sitterly et al., supra; Cain v. Bonner, 108 Tex. 399, 194 S. W. 1098, 3

A. L. R. 874, and annotation at page 877; Lillig v. McGarrity et al., 107 N. J. Eq. 147, 152 A. 8. Under the finding of the jury, the note of May 3, 1922, is a renewal of the note acquired by appellee from the bank, which itself was not usurious and did not become so on account of the $300 usuriously exacted in connection with its purchase. The amount of the untainted debt on May 3, 1922, was $5,000. Thereafter $500 was paid on the principal and $2,150 as interest, in addition to $300 principal and $45 interest on the bonus note. All interest payments, including the $345 paid on the bonus note, should be credited as payments on the principal, leaving a balance of $2,005.

Appellee was not entitled to attorneys' fees. Simmons et al. v. Stern (C. C. A.) 9 F. (2d) 256; Libert v. Unfried, 47 Wash. 186, 91 P. 776.

The error requires a reversal of the judgment, but does not require a new trial. Appellee will pay all costs up to and including the entry of final decree.

The cause will be remanded, with directions to the district court to modify the judgment in conformity with the views herein expressed. It is so ordered.

WATSON and SADLER, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.