MADELINE GARTLAND, Appellant, *v.* HARRY J. GIESLER, Respondent.

No. 10336

January 15, 1980                    604 P.2d 1238

*Jerry J. Kaufman* and *Lillian J. Sondgeroth,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson* and *Gerald I. Gillock,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant seeks review of the trial court's dismissal, with prejudice, of her complaint to recover money allegedly due on a promissory note. We perceive no error in the record and accordingly affirm.

Appellant's complaint alleged the existence of a promissory note, executed in 1967 between her and respondent Giesler, for the sum of $4,661.55, payable in $50 monthly installments, "with interest at the rate of one (1%) percent on the declining balance." Although payments were made by respondent between May, 1967, and July, 1975, appellant alleged that $4,556.61 was still due and owing on the note. Respondent failed to file a timely answer to the complaint, and on February 2, 1976, appellant was granted a default judgment. On February 17, 1976, respondent's attorney moved to set aside the

default, his affidavit asserting that because of other trial commitments he had not realized that the answering date had passed, and that the respondent had a meritorious defense; a proposed answer was also tendered. The district judge granted the motion to set aside the default and the case proceeded to trial. After a trial to the court, judgment was entered for respondent, dismissing appellant's claim with prejudice. The district court found that respondent had been indebted for the principal sum specified in the note, that the principal had been paid, and that the amount of interest was uncertain and unknown. This appeal ensued.

We find no merit to appellant's contention that the district court abused its discretion in granting the motion to set aside the default judgment. Such a decision will not be disturbed on appeal absent a clear abuse of discretion. Hotel Last Frontier v. Frontier Prop., 79 Nev. 150, 380 P.2d 293 (1963). The record before us reveals that respondent complied with the requirements of NRCP 60(b); and we decline to hold that, as a matter of law, failure to answer because of trial commitments cannot be excusable neglect.

Appellant contends that the district court erred in not granting her interest on the principal sum of the promissory note at the legal rate of interest under NRS 99.040. We do not agree. NRS 99.040 provides, in relevant part, that "[w]hen there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 7 percent per annum." In this case, the note in question did specify a rate of interest, but the district court found that it was too vague to be enforceable.[1] It is axiomatic that a court will not rewrite a contract for the parties, especially when it would have to interject terms that would change the value of the instrument. Jones v. P.W., L. & F. Co., 13 Nev. 359, 375 (1878). Since the district court found that the parties had agreed upon a rate of interest, but that the rate they had agreed upon was unascertainable, NRS 99.040 does not apply.

Appellant's argument that she should be entitled to the legal rate of interest because she has waived the rate specified in the

---

[1]Cases cited by appellant which deal with pre-printed promissory notes in which the interest provision is inadvertently left blank are not on point, since in those cases there is no express written contract fixing a specified rate of interest. See, e.g., Chelsea Exch. Bank v. Warner, 195 N.Y.S. 419 (1922).

note is equally meritless. Appellant's complaint sought to recover interest at the rate of one percent per month, compounded monthly, a rate in excess of the statutory maximum rate then set by NRS 99.050. As this rate was usurious at the time the contract was entered into, it is completely unenforceable. Pease v. Taylor, 88 Nev. 287, 496 P.2d 757 (1972). Thus, even if the interest rate were ascertainable at the rate initially claimed by appellant, recovery would be barred.

The judgment of the district court is affirmed.

MOWBRAY, C. J., THOMPSON, MANOUKIAN, and BATJER, JJ., and ZENOFF, SR. J.,[2] concur.