SOL DE LEE, Appellant, *v.* LINDA HICKS, Respondent.

No. 10581

May 22, 1980                                                     611 P.2d 211

*Deaner, Deaner & Reynolds,* of Las Vegas, for Appellant.

*Jones, Jones, Bell, Close & Brown* and *Gary R. Goodheart,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by Linda Hicks against Sol De Lee to recover the amounts due upon two promissory notes. The district court entered summary judgment for Hicks. Error is claimed since, in the view of De Lee, genuine issues of material fact are disclosed by the record and should be litigated.

Two promissory notes were executed by De Lee in favor of Gale Hicks, Trustee. The first note dated June 3, 1973, was for $68,000 with interest at 12 percent per year. The second note dated July 23, 1973, was for $19,000 with interest at 12 percent per year.

In January 1973, Linda Hicks had created an intervivos trust designating Gale Hicks as the Trustee, granting to herself a life interest in the income, with the remainder to specified beneficiaries. She reserved the right to change beneficiaries and trustees. She did not expressly reserve the right to revoke the trust.

The mentioned loans to De Lee were made by Gale Hicks from trust funds. On January 10, 1975, Linda Hicks removed Gale Hicks as Trustee and revoked the trust. A substitute trustee was not named. Thereafter, Linda Hicks demanded payment of the notes. When payment was not forthcoming, this action was commenced.

1. Throughout, it has been the contention of De Lee that the loans were usurious. His deposition was taken and was before the court for consideration. Construing the deposition

in his favor, as we must upon review of summary judgment, Muscelli v. Muscelli, 96 Nev. 41, 604 P.2d 1237 (1980), it appears that he was introduced to Gale Hicks by Attorney Rogers and that a portion of each note was paid to Hicks as a loan fee.[1] The exaction of a broker's fee by the lender or his agent will be considered in computing interest to determine if a loan is usurious. Miller v. York, 92 Nev. 226, 548 P.2d 941 (1976); Carson Meadows Inc. v. Pease, 91 Nev. 187, 533 P.2d 458 (1975); Pease v. Taylor, 88 Nev. 287, 496 P.2d 757 (1972); cf. United Mortgage Co. v. Hildreth, 93 Nev. 79, 559 P.2d 1186 (1977). The district court apparently did not consider *Pease,* supra, and its progeny. An issue of material fact regarding the affirmative defense of usury exists and must be litigated.

2. We perceive no validity to the contention of De Lee that Linda Hicks is not a proper party to prosecute this case. An unrestricted power to modify the beneficiaries of an intervivos trust includes the power to revoke the trust since the trustor can substitute herself as the beneficiary and terminate the trust under the sole beneficiary rule. IV Scott, The Law of Trusts § 331.2 (3d ed. 1967); Restatement of Trusts § 331, comment h (1959). This apparently occurred in the matter at hand.

Reversed.

MOWBRAY, C. J., and GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.

---

[1] In reviewing the record, we have given no credence to the following documents to which counsel have referred in their briefs and oral argument.

A. The answers to interrogatories submitted to De Lee, because not signed by De Lee as required by NRCP 33(a).
B. The unauthenticated copy of a letter from Attorney James Rogers to Dr. De Lee dated July 14, 1977.
C. The affidavit of Chuck Golleher regarding cash payments on the loans, because the affiant admits that he has no knowledge of the true amounts paid.
D. The affidavit of Leota Bostaph regarding a $6,000 cash payment by De Lee on a loan, because the affiant is unable to identify the loan.