660 P.2d 605

**Raymond Lee BULLOCK, Plaintiff-Appellant,**

v.

**Stanley LEHMAN, M.D., Defendant-Appellee.**

**No. 6013.**

Court of Appeals of New Mexico.

Feb. 15, 1983.

Melvin L. Robins, P.C., Albuquerque, for plaintiff-appellant.

M. Rick Beitler, Edward W. Shepherd, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

What statute governs venue in an action brought under the Medical Malpractice Act? *See* §§ 41–5–1 to 41–5–28, N.M.S.A. 1978 (1982 Repl.Pamph.).

It is not disputed that plaintiff was injured and came under defendant's care in Chaves County, and that plaintiff and defendant reside in Chaves County. The complaint alleged that defendant committed malpractice while caring for plaintiff in Chaves County. It is not disputed that, apart from the Medical Malpractice Act, the general venue statute, § 38–3–1, N.M.S.A. 1978 (1982 Cum.Supp.), applies and under that act venue was in Chaves County.

Plaintiff, however, filed suit in Santa Fe County. The trial court granted defendant's motion to dismiss for improper venue. Plaintiff's appeal claims that § 41–5–4 governs venue, and that under § 41–5–4 venue in Santa Fe County was proper.

Section 41–5–4 reads:

A patient or his representative having a malpractice claim for bodily injury or death may file a complaint in any court of law having requisite jurisdiction and demand right of trial by jury. No dollar amount or figure shall be included in the demand in any complaint asserting a malpractice claim and filed after the effective date of this section, but the request shall be for such damages as are reasonable. This section shall not prevent a patient or his representative from alleging a requisite jurisdictional amount in a malpractice claim filed in a court requiring such an allegation.

Section 41–5–4 refers to jurisdiction, not venue. The parties recognize that the terms are not synonymous, that venue is not to be equated with jurisdiction. *Jones v. New Mexico State Highway Department,* 92 N.M. 671, 593 P.2d 1074 (1979). The essentials for jurisdiction are stated in *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). "Jurisdiction goes to the power of a court to entertain the cause, while venue simply goes to the convenient and proper forum." *Estate of Owens,* 89 N.M. 420, 553 P.2d 700 (1976); *Kalosha v. Novick,* 84 N.M. 502, 505 P.2d 845 (1973).

Plaintiff presents three contentions in asserting that § 41–5–4 governs venue.

1. He claims that the first sentence of § 41–5–4 contains words of venue. The words relied on are "in any court of law". This argument fails to recognize that the statutory phrase is "in any court of law having requisite jurisdiction". This language refers only to the power of the court to entertain the cause; the statute says nothing about the proper forum.

2. He asserts that § 41–5–4 is a special venue provision for cases brought under the Medical Malpractice Act, and that the special venue provision controls over the general venue act. *See Armijo v. Tandysh,* 98 N.M. 181, 646 P.2d 1245 (Ct. App.1981). Section 41–5–4 is not a venue provision; there is no basis for the rule involving special-general statutes and the general venue provision applies. *See State v. Lard,* 86 N.M. 71, 519 P.2d 307 (Ct.App. 1974).

3. He relies on several rules of statutory construction in contending that § 41–5–4 should be construed to be a venue provision. "Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction." *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977). As written, § 41–5–4 refers only to jurisdiction. There is no ambiguity and no room for construction.

The order, dismissing the complaint for improper venue, is affirmed. *Jones v. New Mexico State Highway Department, supra.* Plaintiff is to bear his appellate costs.

IT IS SO ORDERED.

WALTERS, C.J., and HENDLEY, J., concur.