667 P.2d 450

**DIANE, INC., a corporation, Third-Party Plaintiff-Appellee,**

v.

**Nick KAPNISON, individually, Third-Party Defendant-Appellant.**

**No. 14151.**

Supreme Court of New Mexico.

July 6, 1983.

Rehearing Denied Aug. 4, 1983.

Marchiondo & Berry, Michael E. Vigil, Patricia Ortiz, Albuquerque, for third-party defendant-appellant.

Robert N. Singer, Timothy J. Dreher, Albuquerque, for third-party plaintiff-appellee.

## OPINION

JOE H. GALVAN, District Judge.

Nick Kapnison, Third-Party Defendant-Appellant (Defendant), entered into a "Loan Brokerage Fee Agreement" with Diane, Inc., Third-Party Plaintiff-Appellee (Plaintiff), whereby Defendant agreed to arrange a loan in the amount of $165,000.00 from the First National Bank of Clovis (Bank) to Plaintiff. Plaintiff agreed to pay Defendant a loan brokerage fee of $25,000.00. The Bank made the loan and Plaintiff paid Defendant the fee out of the proceeds of the loan. Thereafter, the Bank sued Plaintiff on the loan. Plaintiff filed a third party action against Defendant alleging, among other things, that pursuant to NMSA 1978, Section 56–8–7 Defendant was only entitled to charge a loan brokerage fee of $3,320.00 and pursuant to NMSA 1978, Section 56–8–8 was liable to Plaintiff in double the amount charged for securing the loan; that is, $50,000.00.

Plaintiff moved for summary judgment against Defendant on the third party action and the court granted the motion. Defendant appeals. We affirm.

The issues we address are: (1) whether a corporation can rely on a violation of NMSA 1978, Section 56–8–7 as a basis for a cause of action for damages pursuant to NMSA 1978, Section 56–8–8; and (2) whether NMSA 1978, Section 56–8–9(B) (Cum.Supp.1982) precludes a corporation from asserting a cause of action against a loan broker who violates the statutory limitation on loan brokerage fees. The applicable statutes are as follows:

NMSA 1978, Section 56–8–7. *Procuring Loans; rate of Commission.*

For negotiating or securing any loan, no person, association of persons or corporation shall charge, collect or receive in excess of the following amounts: upon any loan not exceeding five hundred dollars ($500), four percent; upon any loan exceeding five hundred dollars ($500) and not exceeding two thousand dollars ($2,000), four percent upon the first five hundred dollars ($500) and three percent upon the remainder; upon any loan exceeding two thousand dollars ($2,000), four percent upon the first one thousand dollars ($1,000), and two percent upon the remainder.

NMSA 1978, Section 56–8–8. [*Excessive commission for procuring loan; penalty.*]

That any person, association of persons or corporation violating the preceding section [56–8–7 NMSA 1978] shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than one hundred dollars [($100)] nor more than five hundred dollars [($500)], or by imprisonment for not less than thirty nor more than ninety days, or by both such fine and imprisonment; and shall also be liable in damages to the party injured in double the whole amount so charged for negotiating or securing any such loan.

NMSA 1978, Section 56–8–9 (Cum.Supp. 1982). *Excessive charges prohibited; applicability of maximum rates; definition.*

A. Unless otherwise provided by law, no person, corporation or association, directly or indirectly, shall take, reserve, receive or charge any interest, discount or other advantage for the loan of money or credit or the forbearance or postpone-

ment of the right to receive money or credit except at the rates permitted in Sections 56–8–1 through 56–8–21, NMSA 1978.

B. No provision of law prescribing maximum rates of interest that may be charged in any transaction shall apply to a transaction in which a corporation is a debtor, regardless of the purpose for which the corporation was formed and regardless of the fact that an individual is co-debtor, endorser, guarantor, surety or accommodation party. No corporation or its co-debtor, endorser, guarantor, surety or accommodation party shall have a cause of action or affirmatively plead, counterclaim, setoff or set up the defense of usury in any action to recover damages or enforce a remedy on any obligation executed by the corporation and no civil or criminal penalty which would otherwise be applicable except as provided in Sections 30–43–1 through 30–43–5 NMSA 1978 shall apply on any obligation executed by the corporation.

1. Can a corporation rely on a violation of NMSA 1978, Section 56–8–7 as a basis for damages pursuant to NMSA 1978, Section 56–8–8?

■ It is uncontroverted that the "Loan Brokerage Fee Agreement" prepared by Defendant and executed by Defendant and Plaintiff provides for a fee in excess of the amount allowed by Section 56–8–7. Defendant recites an exhaustive legislative history and contends that Sections 56–8–7 and 56–8–8 were repealed by implication as to corporations since they are found in the same Article as Section 56–8–9(A), which was amended in 1977 to refer to statute numbers in place of "this act." The amended section limits the rates of interest that may be charged for the loan of money. Since Sections 56–8–7 and 56–8–8 are found in the same numerical series, Defendant suggests that Section 56–8–9(B) deprives a corporation of the protection of the brokerage fee limitation as well as damages in an amount double the prohibited rate charged.

"Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction." *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977); *see also Bullock v. Lehman,* 99 N.M. 515, 660 P.2d 605 (Ct.App.1983). Repeals by implication are not favored and should not be found where the statutes may be construed so as to be consistent in their application. *Galvan v. City of Albuquerque,* 87 N.M. 235, 531 P.2d 1208 (1975). The statutes set forth above clearly deal with separate and distinct subjects. Section 56–8–7 establishes the charges permitted for *negotiating* or *securing* a loan, and Section 56–8–9 deals with the interest, discount or other advantage permitted for the *loan* of money or credit or the forbearance or postponement of the right to receive the same.

The Defendant reasons that since the statutes regulating the fee to be charged for *procuring* loans are found in the same Article as the statute regulating interest rates, such a fee must be interest. He then argues that charging excessive interest is usury which corporations cannot plead either affirmatively or defensively. Therefore, corporations cannot avail themselves of the protection of the statutes regulating fees for procuring loans.

However, "[t]o constitute 'usury' there must either be a loan and a taking of usurious interest, or the taking of more than legal interest for the forbearance of a debt or sum of money due." *Hogg v. Ruffner,* 1 Black 115, 66 U.S. 115, 118, 17 L.Ed. 38 (1861); *see also First National Bank v. Danek,* 89 N.M. 623, 556 P.2d 31 (1976); *Anderson v. Beadle,* 35 N.M. 654, 5 P.2d 528 (1931).

The denial to a corporation of the defense of usury is found in NMSA 1978, Section 56–8–21 and is specific in its application. In this case there was no loan made by Defendant to Plaintiff, nor was Defendant acting as an agent of the Bank. The interest charged by the Bank on the loan and the fee charged by Defendant for procuring or arranging the loan are two separate, distinct and identifiable charges. There is no inconsistency in the statutes nor in their application. They must be given the effect intended by the Legislature. *City of Roswell v. New Mexico Water Quality Control*

*Commission,* 84 N.M. 561, 505 P.2d 1237 (Ct.App.1972), *cert. denied,* 84 N.M. 560, 505 P.2d 1236 (1973). Plaintiff is entitled to rely on the protection afforded by Sections 56–8–7 and 56–8–8.

2. Does Section 56–8–9(B) preclude a corporation from asserting a cause of action against a loan broker who violates the statute limiting loan brokerage fees?

█ This is not a case such as *De Lee v. Hicks,* 96 Nev. 462, 464, 611 P.2d 211, 212 (1980) where the court held that "[t]he exaction of a broker's fee *by the lender* or his *agent* will be considered in computing interest to determine if a loan is usurious." (Emphasis added.) Here, Defendant was not the agent of the lender, the loan was not usurious, and there was nothing to prevent Plaintiff from seeking the succor of Sections 56–8–7 and 56–8–8. *See Scudder v. Hoyt,* 218 App.Div. 11, 216 N.Y.S. 305, *affirmed,* 245 N.Y. 522, 157 N.E. 842 (1927).

Neither Section 56–8–9(B) nor Section 56–8–21 apply to the corporate appellee in this case.

The trial court's summary judgment is affirmed.

IT IS SO ORDERED.

STOWERS and RIORDAN, JJ., concur.