**Charles W. MAPES, et al., Plaintiffs,**

v.

**PALO ALTO TOWN AND COUNTRY VILLAGE, INC., Defendant.**

**No. CV–R–82–200–ECR.**

United States District Court,
D. Nevada.

May 2, 1984.

Walther, Key, Maupin, Oats, Cox, Lee & Klaich by Ernest J. Maupin, III, Reno, Nev., for Gloria Walker Mapes.

H. Dale Murphy, Reno, Nev., for Charles W. Mapes.

C. David Russell, Guild, Hagen & Clark, Ltd., Reno, Nev., for defendant.

## MEMORANDUM DECISION
## AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendant has moved for summary judgment on the ground that an amendment to Nevada's usury statute permits the parties to agree on any rate of interest, thus negating the material contention of Plaintiffs that the promissory note here involved is usurious. It is Defendant's position that the amendment must be given retroactive effect.

The promissory note is dated April 15, 1980, and is secured by a deed of trust of the same date. The statute (NRS 99.050) then in effect limited to 18 percent per annum the rate of interest that could be charged on money to become due on any contract. It further specified that an agreement for a greater rate of interest "is void as to all interest." Plaintiffs' position is that the payments they have made, if applied entirely to principal because no interest is payable on a usurious note, were sufficient to keep them from being in default. Therefore, Defendant would not have been entitled to exercise the power of sale contained in the deed of trust.

NRS 99.050 was amended, effective June 14, 1981, to delete the 18 percent per annum limitation and allow the parties to agree on any rate of interest. Defendant argues that usury statutes impose penalties, in that they take away the right of a party to an agreement to enforce provisions agreed to by the other party. Therefore, the general rule is that an amendment is retroactive in the absence of a saving clause in the amendatory legislation, because the complaining debtor is thereby merely required to live up to the obligation he voluntarily incurred. There is no applicable saving clause in the 1981 amendment to NRS 99.050. The lawsuit wasn't commenced until May 4, 1982.

The Court's jurisdiction is based on diversity, therefore Nevada law is controlling.

Plaintiffs argue that the Nevada rule is that the usurious character of a transaction is determined at the time of its inception. As a result, the 1981 amendment should not be deemed to have rendered non-usurious a transaction that was in violation of the usury law at the time of its inception in 1980.

Defendant is correct in its assertion that some courts have ruled that usury statutes are penal or punitive in nature, so that amendments are given retrospective effect in the absence of a saving clause precluding such effect. *See Ewell v. Daggs*, 108 U.S. 143, 150, 2 S.Ct. 408, 413, 27 L.Ed. 682 (1883); *American Sav. Life Ins. Co. v. Financial Aff. Man. Co., Inc.*, 20 Ariz.App. 479, 513 P.2d 1362, 1368 (1973). However, the Nevada Supreme Court has declared that the usurious character of a transaction is determined as of the time of its inception. *Collins v. Union Federal Sav. & Loan Ass'n*, 99 Nev. 62, 662 P.2d 610, 615 (1983). Even more persuasive is the opinion in *Gartland v. Giesler*, 96 Nev. 53, 604 P.2d 1238, at 1239 (1980), where it is stated: "As this rate was usurious at the time the contract was entered into, it is completely unenforceable."

At the time the *Gartland* case was decided, there was an applicable saving clause which provided that the amendatory legislation should not apply to any contract or note made before its effective date of May 25, 1979. 1979 Statutes of Nevada 965. However, the continuous rule in Nevada has been as first set forth in *Milliken v. Sloat*, 1 Nev. 573, 577–578 (1865):

> "... the courts will not give a retrospective interpretation to statutes unless the intention of the lawmakers is so plain, either by express words, or by unavoidable implication, as not to fairly admit of the opposite construction."

In accord are *Miller v. Ashurst*, 86 Nev. 241, 468 P.2d 357, 359 (1970); *Holloway v. Barrett*, 87 Nev. 385, 487 P.2d 501, 504 (1971); *Rice v. Wadkins*, 92 Nev. 631, 555 P.2d 1232, 1233 (1976). Further, the Legislature is presumed to have a knowledge of the state of the law in regard to the subjects upon which it legislates. *Clover Val-*

*ley Land & Stock Co. v. Lamb,* 43 Nev. 375, 187 P. 723, 726 (1920); *Studebaker Bros. Co. of Utah v. Witcher,* 44 Nev. 442, 195 P. 334, 336 (1921). Therefore, it must be presumed that the Nevada Legislature, when it amended NRS 99.050 in 1981, realized that it would not be given retroactive effect except to the extent of any specific provisions included in the legislation. No provision was made for retrospective application of the statute to the circumstances of the within action. See 1981 Statutes of Nevada 1592–1597.

Payment of interest on a usurious contract is allocated to the principal indebtedness so as to reduce it at the time and to the extent of such payment. *Miller v. York,* 92 Nev. 226, 548 P.2d 941, 944 (1976). Since the exaction of a loan fee by the lender or its agent, as is alleged in the pleading herein, may be considered in determining whether a loan is usurious, a genuine issue of material fact remains to be litigated in this action. *See DeLee v. Hicks,* 96 Nev. 462, 611 P.2d 211, 212 (1980).

IT IS, THEREFORE, HEREBY ORDERED that Defendant's motion for summary judgment be DENIED.