JAMES GOTTLIEB, MAJOR A. RIDDLE, ROBERT RICE AND HOWARD ENGEL, Appellants, v. M. D. CLOSE, Respondent.

No. 4797

January 22, 1965        398 P.2d 248

*Jones, Wiener & Jones,* of Las Vegas, for Appellants.

*Edwin J. Dotson* and *Mel Close, Jr.,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

Respondent entered into a contract wherein he agreed to sell and convey to appellants certain real property near Las Vegas, Nevada, for the sum of $750,000. The deed to the property was delivered. The purchase price was paid. The land in the agreement was described as: "That certain property owned by M. D. Close located in the Southeast Quarter of Section 20, Township 21 South, Range 61 East, M.D.B. & M., consisting of approximately 114 acres of land, said land being further described by a sketch attached hereto marked Exhibit "A" and made a part hereof and designating by red lines the land intended to be sold until such time as a survey may be perfected to better describe the property."

The said sketch of the property being sold showed the "Golf Range" part thereof had a frontage on Highway 91 of 570 feet. That actual frontage however turned out to be only 420 feet. The other frontage involved in the sale was 775 feet.

Upon discovery that they were receiving 150 frontage feet on the highway less than the 570 feet shown on said sketch, appellants brought an action for $75,000 against respondent consisting of three claims alleging breach of contract, fraud, and deceit.

The amended answer of the respondent contained a counterclaim wherein the respondent asked for a rescission of the contract of sale.

After appellants had presented their evidence to the

court and jury, respondent moved for a directed verdict on the ground that the evidence was insufficient to sustain a verdict for the appellants, which motion was granted by the court. Judgment was entered in favor of the respondent pursuant to the jury's verdict finding in favor of the defendant (respondent) and against the plaintiffs (appellants). Thereafter appellants moved to amend the "judgment on the directed verdict" to recite that no evidence had been offered in support of respondent's counterclaim for rescission, and that it be dismissed with prejudice. This motion was denied. Appeal is from the judgment on the directed verdict and from the order denying the motion to amend the judgment.

NRCP 50(a) as it existed when the motion for directed verdict was made provided in part: "A motion for a directed verdict may be made at the close of the evidence offered by an opponent * * *." It further provides that if the evidence is sufficient to sustain a verdict for the opponent (in this case the appellants), the motion shall not be granted.

The main question to decide is whether there is any substantial evidence in the record which would have sustained a verdict for the appellants.

With respect to the charges of fraud and deceit, there is no evidence to show that the respondent knew at any time before the execution of the contract of sale that the "Golf Range" part thereof had 150 feet less frontage than that shown on the sketch. The evidence is uncontradicted that the value of the entire property was as much or more than the sales price.

This evidence together with our conclusion that respondent did not breach his contract of sale would preclude the submission of the issues of fraud and deceit to the jury.

Although both appellants, Gottlieb and Riddle, testified that they would not have agreed to the sale if the "Golf Range" frontage was 150 feet less than the 570 feet shown on the sketch, such testimony would have no significance, if as a matter of law they agreed to buy

that property designated by red lines on the sketch which would be accurately described after a survey thereof.

The so-called sketch does not purport to be anything but a sketch. The numerals marking most of the frontage are followed by a plus-minus sign. Even the entire acreage sold is designated as 114 acres plus or minus, and its two parts are shown to be 72.80 acres plus or minus and 41.32 acres plus or minus. Gottlieb testified that it was never discussed whether the sketch was accurate, and that respondent had never told him the sketch was accurate or correct. Riddle testified that there was no relation between the price which they agreed to pay and any particular number of acres or particular number of feet, except more or less.

The contract of sale describes the land to be sold as that property owned by M. D. Close "located in the Southeast Quarter of Section 20, Township 21 South, Range 61 East, M.D.B. & M., consisting of approximately 114 acres of land." The land is further described in the sketch attached "until such time as a survey may be perfected to better describe the property."[1] The contract also embodies the terms of the escrow instructions which recite that the grant, bargain, and sale deed will convey the property which will be described in a perfected description of the property "referred to on the map attached hereto, which description shall have been prepared by a registered civil engineer * * *." The contract itself indicates that the map was merely an approximate description of the property sold.

We cannot conceive it possible that in a sale of

[1]Appellants contend that respondent was clearly selling the land indicated by the red line on the sketch, and that the references to the survey were mainly for the purpose of establishing the necessary legal description to be included in the deed, as a description in a deed by reference to a red line on a sketch would be entirely ineffective as a conveyance. Respondent contends, and the court below properly supported this contention, that the references to a survey clearly indicated that the contract description of the land, as well as the references to the sketch, were tentative and incomplete, and were necessarily so until a survey could be made; that this was corroborated by the "plus or minus" and "more or less" references, and in effect supports and corroborates the theory of a sale in gross "of approximately 114 acres."

approximately 114 acres of unimproved land for the sum of $750,000 that any of the parties intended that the seller should be bound by the linear measurement shown on the sketch in evidence, when the seller testified that the sketch was not drawn from any survey and when the contract of sale provided that it was intended to designate the land sold "until such time as a survey may be perfected to better describe the property." Furthermore the escrow instructions contemplated a perfected description prepared by a registered civil engineer. We agree with that part of the trial court's oral opinion where he stated: "The deed that was conveyed from the seller to the buyers is listed in metes and bounds.[2] They have agreed to pay $5,000.00 an acre for all of the area in the rear, the balance of the purchase price to be paid for the property constituting the frontage. The Court finds that there is no evidence save and except figures that are on a map upon which the Court feels that the plaintiffs had no reason to rely as to the truth or veracity of the measurements that were made on there because some of them are in plus and minuses. And the best that could be said from the description is that there may be more or there may be less, that there was about what this indicated there would be. * * * The Court finds from the language of the contract that the only thing that was ever intended here was a sale in gross."[3]

We conclude that there was no substantial evidence to support a verdict for appellants, that respondent did not breach his contract, and that the order directing a verdict for the respondent was proper. Brownell v. Tide Water Associated Oil Co., 1 Cir., 121 F.2d 239 (1941); cf. Bonamy v. Zenoff, 77 Nev. 250, 362 P.2d 445.

After the verdict for the respondent was received and recorded in open court, the court asked the attorney

---

[2]The lengthy description of the property conveyed by the deed, including the exceptions and reservations therein, comprising more than 80 typewritten lines, is further evidence that the parties did not intend to be bound by the description in the sketch after a survey was made.

[3]See 55 Am.Jur., Vendor and Purchaser § 130, concerning sales in gross.

for respondent if he had anything further to present. He answered, "Nothing, your honor." In view of the fact that respondent did not reserve any right to introduce evidence in support of his counterclaim at the time he moved for the directed verdict, such right, if any he had, was waived. Therefore he is precluded anytime in the future from urging a rescission of the contract of sale, particularly when the court properly had determined that there had been no breach of contract. The motion to amend the judgment therefore should have been granted.

The judgment is modified by adding thereto the following:

"It is hereby ordered, adjudged, and decreed that defendant's counterclaim be, and the same is hereby dismissed with prejudice."

As so modified the judgment is affirmed. No costs are allowed.

THOMPSON and BADT, JJ., concur.