Vester L. MORRIS, Appellant,

v.

Anthony MIGLICCO, Trustee et al., Appellees.

No. 447.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 19, 1971.

Rehearing Denied June 9, 1971.

Joel W. Cook, Schlanger, Cook & Cohn, Houston, for appellant.

Marvin O. Teague, Jack A. Scruggs, George T. Bass, Walker, Bass & Walker, Houston, for appellees.

TUNKS, Chief Justice.

Vester L. Morris, plaintiff in the trial court and appellant here, executed a promissory note dated August 18, 1966, payable to the order of R. D. Eichenour, in the principal amount of $25,000, with interest at the rate of 10% per annum and payable on or before August 18, 1967. The note was secured by a deed of trust lien on a tract of land. Jack A. Scruggs was the trustee named in the deed of trust. No payment on the note was made on or before August 18, 1967. After that date some payments were made, but it was not paid in full. On May 7, 1968, the deed of trust lien was foreclosed and the property sold to Anthony Miglicco, Trustee, for $31,775. Eichenour, Scruggs, and Miglicco, Trustee, were defendants in the trial court and are appellees here.

Plaintiff's petition alleged alternative causes of action. First, he sought to set aside the trustee's deed to Miglicco, Trustee, on the allegation that the note was not due at the date of the foreclosure. This allegation was based upon the contention that Eichenour had orally agreed to an extension of the due date of the note. Second, plaintiff sought to recover twice the amount of the interest he had paid on the note upon the allegation that it amounted to usury, and also sought to recover the balance due him from the amount paid for the land at the foreclosure sale.

The case was tried to the court without a jury. Despite the fact that there was no jury, the defendants in the trial court, at the close of the plaintiff's testimony, made motions which they called motions for an instructed verdict. Such motions of the defendants were granted and the trial court rendered judgment that the plaintiff take nothing by his suit and adjudged title in the land to Miglicco, Trustee. Morris has perfected his appeal.

In a trial before the court the granting of the defendants' motion for judgment at the close of the plaintiff's evidence is the legal equivalent of granting a motion for instructed verdict where the trial is before the jury. On plaintiff's appeal from a judgment so rendered, the appellate court must consider the evidence in the light most favorable to the appellant, must resolve all conflicts in appellant's favor and must draw from the evidence all reasonable inferences that support the appellant's case. If there is evidence of facts adverse to appellant's case which the trier of facts could have disbelieved, the appellate court must disregard such evidence. Gable Electric Service, Inc. v. Mims, Tex.Civ.App., 364 S.W.2d 292, no writ hist.; Rhinetubes, Inc. v. Norddeutscher Lloyd, Tex.Civ.App., 335 S.W.2d 269, ref., n. r. e.; Burkhardt v. Harris, Tex.Civ.App., 200 S.W.2d 445, no writ hist.

Even the application of the above stated rule to the evidence in this record does not permit a conclusion that there was evidence sustaining the appellant's contention that the note in question was not due at the time of the posting of the notice of the foreclosure sale. Nothing was paid on the note when it came due on August 18, 1967. Morris made a payment of $1,375 on September 9, 1967, and another payment of $1,125 on October 8, 1967. Apparently, the parties considered those payments as payments of interest. Thereafter Morris made payments of $500 on January 19, 1968, $250 on January 30, 1968, $500 on March 12, 1968 and $208 on March 30, 1968. From time to time during the time

these payments were being made Morris prevailed upon Eichenour to temporarily withhold action to foreclose his lien. There is no evidence Eichenour and Morris ever entered into any specific agreement that the note's due date be extended to any definite date in the future, at least not beyond April 1, 1968. There is neither any pleading nor evidence of any consideration for any agreement to defer the foreclosure of the lien beyond the date that it was foreclosed. Under somewhat similar circumstances this Court has held that a foreclosure was valid. See Cox v. Medical Center National Bank, Tex.Civ.App., 424 S.W.2d 954, no writ hist. The trial court's judgment insofar as it denied the plaintiff's prayer for title and possession of the property in question and adjudged title to Anthony Miglicco, Trustee, was properly rendered.

As a condition to Eichenour's making the loan in question Morris was required to pay to the appellee, Jack A. Scruggs, $500 as a "brokerage fee." By his alternative cause of action Morris challenges the bona fides of the status of Scruggs as a broker to whom a fee would properly have been payable for service in procuring a loan. Morris alleges that the requirement that he pay the $500 brokerage fee to Scruggs was a subterfuge by which he was required to pay $500 for the use of the money loaned him, over and above the 10% provided in the note. We are of the opinion that, under the rule by which we are to construe the evidence in this case, there was evidence sustaining appellant's position on this phase of his case.

█ The general rule is that if a lender, or the lender's agent with the lender's knowledge or ratification, requires the borrower to pay a sum of money designated a brokerage fee to the lender or to the lender's agents, such payment will be considered a payment for the use by the borrower of the lender's money. If the sum so paid, together with the interest paid as provided in the loan contract, exceeds the lawful rate of interest the contract will be considered as providing for usurious interest. Adleson v. B. F. Dittmar Co. (Tex. Com.App., op. adopted), 80 S.W.2d 939; Great Southern Life Ins. Co. v. Williams, Tex.Civ.App., 135 S.W.2d 241, err. dism., judg. cor. It is recognized, however, that charges made to the borrower by the lender's special agent for special services such as legal work in preparing documents, inspection of the property to be pledged as security and attending to the details of closing the loan are legitimate charges against the lender and will not taint the contract with usury. Nevels v. Harris, 129 Tex. 190, 102 S.W.2d 1046; Sapphire Homes, Inc. v. Gilbert, Tex.Civ.App., 426 S.W.2d 278, ref., n. r. e.; Dewey v. American National Bank, Tex.Civ.App., 382 S. W.2d 524, ref., n. r. e. A bona fide fee paid to a broker for service in procuring a loan is properly chargeable to the borrower. Great Southern Life Ins. Co. v. Williams, supra. In substance, it is where the lender designates a payment required of the borrower as a brokerage fee as a subterfuge to extract from the borrower more than lawful interest that the contract is usurious.

In this case Morris approached Eichenour in July of 1966 and discussed the loan before either of them ever talked to Scruggs about it. From the testimony the finder of facts could have believed that Eichenour had already agreed to make the loan, at least conditionally, before Morris ever talked to Scruggs about it and that Eichenour, himself, first sent Morris to Scruggs to arrange the details of the transaction. It is uncontroverted that Morris' payment to Scruggs of a $500 brokerage fee was a condition imposed by Eichenour upon his consummation of the loan. On August 2, 1966, Scruggs sent Morris a letter outlining the bases of Eichenour's making the loan and the payment of the brokerage fee to him was one of such bases. Morris accepted the tender of the loan on such bases by his signature on the bottom of such letter and Eichenour, by his signature thereon, approved them. The testimony shows that Scruggs did

some work in inspecting the property, in clearing the title and in preparing legal documents. He attended the closing of the transaction at a title company. He was, however, paid a fee in excess of the brokerage fee which the finder of facts could have believed to be in payment for these special services. The borrower's closing sheet prepared at the title company shows that Scruggs was paid, out of the proceeds of the note, $650 for brokerage, inspection and attorney fees.

There was testimony by Scruggs and Eichenour that the latter was not paid any of the brokerage fee collected by the former. There is no direct evidence contradicting that testimony. If there is any evidence to the contrary it is in the inference to be drawn from the facts that Eichenour required the payment of the fee to Scruggs and that Scruggs did not perform the usual services of a broker in procuring the loan. Scruggs and Eichenour were interested parties. Their testimony in this regard was to a fact that could not be refuted by Morris by direct evidence. A subterfuge is, by its very nature, an effort to conceal the true facts. The testimony of Scruggs and Eichenour did not establish as a matter of law that Eichenour did not receive any benefit from the brokerage fee paid to Scruggs. Broussard v. Moon (Tex.Sup. Ct.), 431 S.W.2d 534. Even if Eichenour did not receive any benefit from the fee paid Scruggs, it could be found to have been a charge exacted by him for the use of the $25,000 loaned, which, together with the charge of 10% per annum as interest on the $25,000, would render the transaction usurious.

■ It was admitted by all parties that Morris was entitled to receive some of the proceeds of the trustee's sale of the property in question. Morris' suit included a claim to such recovery. The trial court's judgment erroneously failed to award him any such recovery. The appellees have computed the amount so due Morris as $5,108.32 and have tendered to him a cashier's check for such sum. They have stipulated their willingness to pay him that amount. Their computation, however, is based upon the assumption that the $500 brokerage fee was a legitimate charge. The determination of that question must be made before a correct computation can be made as to the amount due Morris from the proceeds of the sale. Under the evidence in this record the question of the bona fides of the charge for brokerage fee is a question of fact. The case must, therefore, be remanded for a trial of that fact question. Garza v. Alviar (Tex.Sup.Ct.), 395 S.W.2d 821.

Regardless of the determination of the fact question as to the bona fides of the brokerage fee the note was due and not fully paid at the date of posting the notice of the foreclosure sale. By no characterization of the payments made on the note could they be credited to it so as to fully discharge it. The trustee's deed effectively conveyed title to Miglicco, Trustee. The judgment of the trial court denying Morris recovery of title and possession of the property in question and adjudging Miglicco, Trustee, title thereto, is affirmed. Morris' suit against Eichenour and Scruggs for usury and for recovery of the balance due him from the proceeds of the trustee's sale is severed and is remanded to the trial court. Costs of appeal are adjudged one-half against Morris and one-half against Eichenour and Scruggs. One-half of the costs in the trial court to date are adjudged against Morris. Other costs in the trial court are to await the outcome of the trial after remanded.

Affirmed in part, and in part reversed and remanded.