WILBUR SEYDEN AND SYBIL J. SEYDEN, APPELLANTS, v. JOSEPH A. FRADE AND WILLIAM M. FRADE, RESPONDENTS.

No. 6622

March 23, 1972                    494 P.2d 1281

*Emerson J. Wilson* and *Peter I. Breen,* of Reno, for Appellants.

*Diehl, Recanzone and Evans,* of Fallon, for Respondents.

---

## OPINION

By the Court, BATJER, J.:

In May of 1965 Wilbur and Sybil Seyden, appellants, began negotiations for the sale of their property in Lyon County, Nevada, to Joseph and William Frade, respondents. The parties finally agreed upon a sale price of $350,000 for all of the appellants' property in Lyon County consisting of a 320-acre home ranch, a parcel of land in Adrian Valley which the appellants represented as consisting of "approximately" 2300 acres, livestock, equipment and improvements on the home ranch. The appellants' attorney obtained a title report from a title company and drafted the deed, deed of trust and escrow instructions for both parties. A preliminary title report indicated that the home ranch area consisted of 320 acres and the Adrian Valley property consisted of 2160 acres. After the transaction had been completed, it was determined that the home ranch contained 320 acres, but the Adrian Valley property consisted of only 2120 acres because a 40-acre parcel of the real property described in the deed had been conveyed to third parties by the appellants' predecessor in title.

The appellants filed suit in the district court for reformation of the deed and deed of trust, alleging that a mutual mistake regarding the property had occurred. That complaint was dismissed by the lower court upon the grounds that the appellants had failed to state a claim upon which relief could be granted. The appellants then filed an amended complaint seeking reformation and this time alleged that a mutual mistake had occurred because they had not intended to convey, nor had the respondents intended to acquire that 40-acre parcel which had been inadvertently included in the deed and deed of trust. The respondents counterclaimed requesting compensation for damages alleged to have been suffered by reason of the fact that they received fewer acres than they had bargained for. The district court denied the appellants' request for reformation and found a defect in title amounting to 180 acres. Damages were determined by the district court to be $18,000, and that court abated the purchase price by that amount.

Pursuant to NRCP 52(b) and 59(e), the appellants filed a motion with the district court supported by points and authorities requesting an order amending, modifying and supplementing the court's findings of fact and conclusions of law and for the entry of an amended judgment and decree. That motion was denied by the district court. The appellants now appeal from the judgment and from the order denying their motion to modify, amend and supplement findings of fact, conclusions of law and decree, contending that the sale of their property in Lyon County to the respondents was a sale in gross with no warranty as to the quantity of land involved, and that the district court erred when it allowed an abatement of the purchase price and refused to reform the deed and deed of trust.

Whether a sale of land is a sale in gross or a sale by the acre depends primarily upon the intention of the parties, which is to be determined from a variety of factors such as the negotiations of the parties, the mode of stating the purchase price, the manner of describing the land and the language of the contract. Dixon v. Morse, 463 P.2d 284 (Idaho 1970); Speedway Enterprises v. Hartsell, 251 P.2d 641 (Ariz. 1952); 1 ALR 2d 9. Here the evidence reveals that at the outset of negotiations the sellers (appellants) were asking $450,000 and the buyers (respondents) were offering $250,000 for all of the property of the appellants located in Lyon County, Nevada, and subsequently they agreed upon a sale price of $350,000 for the appellants' ranch which comprised approximately 320 acres in Mason Valley and approximately 2300 acres of range land

located from Wabuska to Adrian Valley, including all cattle, personal property and improvements situated on the property. On one occasion William M. Frade, one of the buyers, and Ted Seyden, a relative of the appellants, rode over some of the Adrian Valley property and Seyden pointed out the boundaries in a general way. The escrow receipt read: "Deposit on purchase of Wilbur Seyden Ranch—320 A. in Mason Valley and 2300 acres Webuska (sic) to Adrian Valley—Acreage Approximate."

Up to the point in time when the escrow was opened there is nothing in the record that points to a sale by the acre and every piece of evidence revealing the intention of the parties points to a sale in gross.

The fact that the title report revealed only 2,160 acres in the Adrian Valley area and that after escrow was closed it was discovered that the appellants were without title to 40 acres that they attempted to convey does not alter the nature of the sale. Nor is the sale changed from one in gross to one by the acre by the fact that at the time of the close of escrow the accountant for the appellants allocated a certain part of the purchase price to land.

If a sale of land is a sale in gross, and not by the acre, a purchaser is not entitled to a diminution of the purchase price because of a deficiency in acreage. Dixon v. Morse, supra; Continental Life Ins. Co. v. Murphy, 44 P.2d 1112 (Idaho 1935); see also Speedway Enterprises v. Hartsell, supra; Meyer v. Ranson, 224 N.E.2d 293 (Ill.App. 1967).

In Consolazio v. Summerfield, 54 Nev. 176, 179, 10 P.2d 629 (1932), we said: "The general rule of this court is that when the evidence is conflicting and there is substantial evidence to sustain the judgment it will not be disturbed. But there is an exception to the general rule to the effect that where, upon all the evidence, it is clear that a wrong conclusion has been reached, the judgment will be reversed." Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969); Walker Brothers Bankers v. Janney, 52 Nev. 440, 290 P. 413 (1930); Watt v. Nev. Cen. R. R. Co., 23 Nev. 154, 44 P. 423 (1896); Dalton v. Dalton, 14 Nev. 419 (1880); Reed v. Reed, 4 Nev. 395 (1868); cf. Cram v. Durston, 68 Nev. 503, 237 P.2d 209 (1951); Kitselman v. Rautzahn, 68 Nev. 342, 232 P.2d 1008 (1951). In our view the exception stated in Consolazio v. Summerfield, supra, applies to the record before us. Here there was no conflict in

the evidence on the question of the nature of the sale. There was no substantial evidence to support the findings of the trial court. On the contrary, all the evidence supports the appellants' contention that this transaction was a sale in gross.

In their answering brief the respondents admit that we are dealing with a sale in gross but contend that the discrepancy of 180 acres is approximately seven percent of 2300 acres and is so substantial as to warrant the trial court's reduction of the purchase price. We do not agree. In support of their position they rely upon Hay v. Allen, 247 P.2d 94 (Cal.App. 1952); Dixon v. MacGillivray, 185 P.2d 109 (Wash. 1947), and Richard v. Baker, 297 P.2d 674 (Cal.App. 1956). Those cases are inapposite. Unlike this case, where acreage was referred to in approximations, those cases dealt with factual situations where the sellers made representations of definite boundaries or areas and the buyers relying on those representations acted to their detriment.

If a land sale is in gross, a substantial variance from the supposed acreage is immaterial. Speedway Enterprises v. Hartsell, supra. This court, in Gottlieb v. Close, 81 Nev. 38, 41, 398 P.2d 248 (1965), where the frontage on Highway 91 in Clark County, Nevada, was 420 feet instead of 570 feet, held that such variance was of no significance as the purchaser agreed to buy "that property owned by M. D. Close . . ." as described on a sketch.

Ordinarily, when a sale of land is in gross, deficiencies of ten to twenty percent and even more than thirty percent have not been considered sufficiently material to entitle a buyer to relief. See cases collected in 1 ALR2d 9. Those jurisdictions that grant equitable relief to a purchaser if the discrepancy in acreage is ten percent or over will deny relief if the discrepancy is less than ten percent [Krumholz v. Goff, 315 F.2d 575 (6th Cir. 1963)] and may deny relief when the discrepancy exceeds ten percent where the acreages are referred to in approximations [Sullivan v. Gouge, 223 S.W.2d 985 (Ky. 1949)].

The courts in this state will reform contracts and deeds in accordance with the true intention of the parties when their intentions have been frustrated by a mutual mistake. Lattin v. Gray, 75 Nev. 128, 335 P.2d 778 (1959); Roberts v. Hummel, 69 Nev. 154, 243 P.2d 248 (1952); Holman v. Vieira, Et Al.,

53 Nev. 337, 300 P. 946 (1931); Ruhling v. Hackett, 1 Nev. 360 (1865).

The record reveals a mistake of fact on the part of the appellants. The respondents contend, however, that the mistake was not shared by them and for that reason the mistake was not mutual. All the testimony in the record indicates that the respondents bargained to purchase all of the appellants' property in Lyon County, no more and no less. There is no evidence to indicate an intention on the part of the respondents to have conveyed to them any lands that had previously been conveyed to other parties by the appellants' predecessors in interest. The deed by the appellants' predecessors in interest conveying the 40-acre parcel was recorded in book 33, page 127 of Deeds, records of Lyon County, Nevada, and was available for discovery by both parties.

We conclude that the record establishes without dispute that the inclusion in the deed of the 40-acre parcel not owned by the appellants was a mutual mistake. As against the respondents, the appellants possessed an equitable right to have the deed from them reformed to convey the actual parcels intended to be conveyed.

The respondents are not entitled to any abatement in the purchase price of the premises. The judgment in this case is reversed with instructions that a judgment be entered to the effect that the deed dated the 24 day of June, 1965, by and between Wilbur Seyden and Sybil J. Seyden, his wife, parties of the first part, and Joseph A. Frade and William M. Frade, parties of the second part, recorded in book 48 of Deeds at page 185, records of Lyon County, Nevada, and the deed of trust recorded in book 33 of Mortgages, at page 541, records of Lyon County, Nevada, be reformed by striking from the parcel descriptions in each instrument the Southwest Quarter of Southeast Quarter of Section 29, Township 15 North, Range 25 East, M.D.B. & M.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.