UNITED MORTGAGE CO., A NEVADA CORPORATION, APPELLANT, v. LEWIS HILDRETH AND SHIRLEY L. HILDRETH, RESPONDENTS.

No. 8655

February 16, 1977                    559 P.2d 1186

*Deaner, Deaner & Reynolds,* of Las Vegas, for Appellant.

*George E. Franklin,* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

The district court entered judgment for the Hildreths against United Mortgage Co. for a sum of money representing usury. United has appealed contending that prejudicial error occurred when the trial court found that United had loaned money to the Hildreths rather than finding that it acted as a mortgage broker in obtaining a loan for them. If United loaned the money, its charge therefor was usurious and the judgment must be affirmed. If it did not loan the money, but acted as a mortgage broker, its charge was a legitimate fee for brokerage services, and the judgment must be set aside.

United is a licensed mortgage company under NRS 645B. The Hildreths wished to obtain a construction loan for a trailer park. By written document they appointed United their broker to procure a first deed of trust loan of $75,000 at 12 percent interest, and agreed to pay a broker's commission of $9,375 for obtaining that loan. Bradshaw Finance Co. orally indicated to United that it would fund the construction loan. Consequently, United had the Hildreths execute a promissory note for $75,000 to Bradshaw Finance and secured payment thereof by a first deed of trust. Bradshaw Finance, for some reason, elected not to proceed with the transaction. United then induced George and Margaret Crockett to lend the money. The note and deed of trust executed by the Hildreths to Bradshaw Finance was, by Bradshaw, assigned to the Crocketts.

A construction loan account was established with United and the Crockett loan of $75,000 was there deposited. United withdrew its brokerage fee for procuring the loan from that account. It also made disbursements for construction therefrom. Interest and principal payments were made by the Hildreths to United to be appropriately credited against the debt to the Crocketts. Subsequently, the Hildreths defaulted upon their obligation and the Crocketts foreclosed the deed of trust. This action then was commenced by the Hildreths claiming that United made the loan and that the interest charged plus the brokerage fee was usury.

1. It is established that the exaction of a broker's fee by the lender or his agent will be considered in computing interest to determine whether the transaction is usurious. Pease v. Taylor, 88 Nev. 287, 496 P.2d 757 (1972); Miller v. York, 92 Nev. 226, 548 P.2d 941 (1976).

It is equally established that where one negotiates a loan through a broker with a moneylender, and the latter bona fide lends the money at a legal rate of interest, the transaction is not made usurious by the fact that the broker charges the borrower a commission for his services. Shaffran v. Holness, 102 So.2d 35 (Fla.App. 1958); Investment Funds Corporation v. Bomar, 303 F.2d 592 (5th Cir. 1962).

In the case at hand, there is no evidence that United acted as agent for the Crocketts in making the loan. The Hildreths authorized United to act on their behalf to procure the desired

loan. United was not, in fact, the lender. The promissory note did not name United as payee, nor did the deed of trust designate United as the beneficiary. The lenders did not require the borrowers to pay a broker's fee to the lenders or to their agent. Cf. Morris v. Miglicco, 468 S.W.2d 517 (Tex.Civ.App. 1971). Here, the borrowers contracted to pay a brokerage fee before the identity of the lender was known to anyone. Neither does the record reveal that United, as broker, shared its fee with the lenders Crockett. Cf. Hatton v. Greenberg, 451 P.2d 905 (Ariz.App. 1969).

2. When the Hildreths authorized United to act as their broker, they and United signed a Federal Reserve "Regulation Z" notice. That notice may be read to suggest that United was to be the lender of the desired $75,000. The district court gave credence to that document. Whatever the purpose of that document, the events which thereafter transpired establish beyond doubt that United was not, in fact, the lender, but acted in a separate capacity as a mortgage broker. We believe that the district court reached the wrong conclusion, and that its findings are not supported by evidence possessing substance. Consolazio v. Summerfield, 54 Nev. 176, 179, 10 P.2d 629 (1932); Seyden v. Frade, 88 Nev. 174, 177, 494 P.2d 1281 (1972).

Therefore, we reverse with direction to enter judgment for United.

BATJER, C. J., and ZENOFF, MOWBRAY, and GUNDERSON, JJ., concur.