JOHN C. WOOD, MARVIN P. KLASSEN, AND NORMAN ORCUTT, INDIVIDUALLY AND D.B.A. PIONEER LAND AND LIVESTOCK, A GENERAL COPARTNERSHIP, APPELLANTS, v. FROERER CORPORATION, A UTAH CORPORATION, AND VALLEY TITLE AND ESCROW COMPANY, RESPONDENTS.

No. 11643

May 22, 1980                              611 P.2d 193

*Wilson & Henderson,* of Reno, for Appellants.

*Deaner, Deaner & Reynolds* of Las Vegas, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced by copartners Wood, Klassen and Orcutt, d.b.a. Pioneer Land and Livestock, to enjoin the foreclosure of a trust deed. They also sought a declaratory judgment that the underlying loan was usurious and that only the principal balance of the obligation was owed. The defendant, Froerer Corporation, is a licensed mortgage broker in Utah. After receiving evidence, the district court found that Froerer was not the agent of the lenders of the money, and that it was permissible for Froerer to charge a commission for its services. Injunctive relief was denied. This appeal followed. For reasons hereafter stated, we affirm.

Pioneer contacted Froerer for the purpose of obtaining a loan. Froerer obtained funds from private investors and extended a loan of $85,000 at twelve percent interest to Pioneer. The loan was secured by a first deed of trust and was to be repaid in one year. As a broker's commission Froerer was to receive $8,000–$5,000 to be paid at the close of escrow out of the $85,000 loan, and a $3,000 note secured by a third deed of trust. Valley Title and Escrow handled the escrow arrangements.

A broker's commission was never discussed with the lenders. They did not require the borrower to pay a commission to

Froerer as a condition of the loan, nor did they share in the commission received by Froerer. Pursuant to the Collection Trust Agreement between Froerer and the lenders, Froerer was to collect the loan, disburse it to the individual lenders and, in the event of default, pursue foreclosure proceedings.

Pioneer's agreement with Froerer, which included a broker's fee in addition to interest on the loan, was reached before the identities of the lenders were known to anyone.

The promissory note for $85,000 was made payable to Froerer as a convenience since there were multiple lenders. Valley Title was trustee and Froerer beneficiary of the trust deed. The $3,000 note and trust deed were made out in similar fashion.

At the end of the year Pioneer was unable to pay either note. Consequently, Valley Title commenced foreclosure, causing this suit for injunctive relief and declaratory judgment to be filed.

In United Mortgage Co. v. Hildreth, 93 Nev. 79, 559 P.2d 1186 (1977), we ruled that where one negotiates a loan through a broker with a money lender, and the latter in good faith lends the money at a legal rate of interest, the transaction is not made usurious by the fact that the broker charges the borrower a commission for his services.[1]

The case at hand is strikingly similar to *United Mortage* and, we believe, is controlled by that precedent. Here, as in that case, the borrower authorized the mortgage broker to act on its behalf to procure the loan and agreed to pay a specific fee for that service. As in *United Mortgage* the lenders did not require the borrowers to pay a brokers fee to the lenders or their agent, nor did they share such fee with the broker. The partner of the borrowers who initially approached the mortgage broker regarding the loan knew its status as a mortgage broker. In *United Mortgage* the borrowers knew that they were dealing with a mortgage broker. The single distinction between this case and *United Mortgage* is that the underlying promissory note for $85,000 named Froerer, the mortgage broker, as the payee rather than the lenders. However, there is no question but that Froerer was not in fact the lender. It was permissible for the court to conclude, in line with testimony, that the note was drawn that way as a convenience since there were multiple

---

[1]Of course, the exaction of a broker's fee by the lender or his agent will be considered in computing interest to determine if a loan is usurious. Miller v. York, 92 Nev. 226, 548 P.2d 941 (1976); Carson Meadows Inc. v. Pease, 91 Nev. 187, 533 P.2d 458 (1975); Pease v. Taylor, 88 Nev. 287, 496 P.2d 757 (1972).

lenders, and that it did not alter the actual situation regarding the true lenders.

Affirmed.

Mowbray, C. J., and Gunderson, Manoukian, and Batjer, JJ., concur.